UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK A. BATTERSBY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | Case No. 22-cv-02911 BLF (PR)<br><br>**ORDER GRANTING MOTION FOR STAY; TERMINATING OTHER MOTION AS MOOT; INSTRUCTIONS TO CLERK; ADMINISTRATIVELY CLOSING CASE**<br><br>(Docket Nos. 12, 13) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Dkt. No. 1. Petitioner requested a stay and abeyance which was deficient. Dkt. No. 8. Petitioner was granted leave to file a renewed motion for a stay. *Id.*

Petitioner filed a renewed motion for stay and abeyance. Dkt. No. 12. Shortly thereafter, he also filed a motion for an extension of time to file a motion for stay. Dkt. No. 13. The motion for an extension of time is DENIED as moot since the renewed motion for a stay was timely filed and adequately pleaded. For the reasons discussed below, the motion for a stay is **GRANTED**.

///

///

# BACKGROUND

According to the petition, Petitioner was found guilty by a jury in Humboldt County Superior Court of first-degree murder, assault with a deadly weapon, and first degree burglary. Dkt. No. 1 at 2. Petitioner was sentenced to 7 years to life in state prison on December 12, 2019. *Id.* at 1. Petitioner appealed the matter to the state appellate and high courts but without success. *Id.* at 3. The California Supreme Court denied review on February 8, 2021. Dkt. No. 1-6 at 9.

Petitioner filed the instant action on May 18, 2022. Dkt. No. 1.

# DISCUSSION

## I. Motion to Stay

The petition raises the following grounds for habeas relief: (1) numerous ineffective assistance of trial counsel claims, Dkt. No. 1 at 17-57; (2) solicitation of false testimony by the prosecution, *id.* at 58; (3) suppression of various exculpatory evidence by the prosecution, *id.* at 65; (4) ineffective assistance by trial counsel for failing to investigate potential juror bias, and ineffective assistance of appellate counsel for failing to raise this claim on appeal, *id.* at 76; (and 5) improper comments by the prosecution with respect to Petitioner's post-arrest silence, and ineffective assistance of counsel for failing to object, *id.* at 79. The Court found that liberally construed, these claims are cognizable under § 2254. Dkt. No. 8 at 2. Petitioner was directed to identify which of these claims are unexhausted. *Id.* at 4. Petitioner has filed a renewed motion, indicating that all the claims presented in the federal habeas petition are "fully unexhausted." Dkt. No. 12 at 1-2.

Prisoners in state custody seeking to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting

the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, *see id.*; *Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1996); or (2) no state remedy remains available, *see Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

District courts have the authority to issue stays and AEDPA does not deprive them of that authority. *Rhines v. Webber*, 544 U.S. 269, 277-78 (2005). However, the district court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of reducing delay in the execution of criminal sentences and encouraging petitioners to seek relief in the state courts before filing their claims in federal court. *Id.* at 277. Because the use of a stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA, its use is only appropriate where the district court has first determined that there was good cause for the petitioner's failure to exhaust the claims in state court and that the claims are potentially meritorious. *Id.* The Court finds that Petitioner has not engaged in dilatory tactics, there was good cause for his failure to exhaust the claims in state court, and the unexhausted claims above are potentially meritorious. Dkt. No. 12 at 5-15. Consequently, Petitioner's motion to stay this action while he exhausts all claims in the state courts will be granted.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's request to stay the petition is **GRANTED**. Dkt. No. 12. The

above-titled action is hereby **STAYED** until **twenty-eight (28) days** after the state high court's final decision on Petitioner's unexhausted claims.

2. If Petitioner intends to have this Court consider the unexhausted claims, he must have properly presented them to the Supreme Court of California, and if he has not obtained relief in state court, thereafter, notify the Court **within twenty-eight (28) days** of the California Supreme Court's decision, by filing a motion to reopen this action and stating therein that all the claims in the instant federal petition have been exhausted. If he has not already done so, Petitioner must file a state habeas petition **within sixty (60) days** from the date this order is filed and file notice with this Court that he has done so.

3. The Clerk shall **ADMINISTRATIVELY CLOSE** the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

This order terminates Docket Nos. 12 and 13.

**IT IS SO ORDERED.**

Dated: _January 13, 2023_____

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order Granting Mot. for Stay; Inst. To Clerk
PRO-SE\BLF\HC.22\02911Battersby_stay

4